Filed 9/16/24  P. v. Kiss CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL JOSEPH KISS,<br><br>   Defendant and Respondent. | 2d Crim. No. B332487<br>(Super. Ct. No. 21F-07332)<br>(San Luis Obispo County) |

Michael Joseph Kiss appeals an order of restitution to the victims of his criminal offense of driving while intoxicated.  We conclude that the trial court did not abuse its discretion by ordering Kiss to pay $18,000 for past medical expenses to the child victim and affirm.

*FACTUAL AND PROCEDURAL HISTORY*[1]

In the morning of October 10, 2021, Tamara Ardron walked her children to school.  She paused at a crosswalk and activated

---

[1] This factual summary is taken from the probation report which summarized the police report.  Kiss agreed that the police report provided a factual basis for his plea.

the "walk" button. She then began to cross the street in advance of her two daughters. As one daughter began to cross the street, Ardron saw Kiss's vehicle approach the crosswalk and realized that he was not going to stop. Ardron pushed her daughter back toward the sidewalk, causing her daughter to fall and sustain injuries. Kiss struck Ardron with his vehicle causing her to suffer serious injuries, including six fractured ribs, a sinus fracture, a punctured lung, and a facial laceration. Ardron's broken coffee mug lay in the roadway and coffee splashed on the windshield and hood of Kiss's vehicle.

When arrested, Kiss was under the influence of a controlled substance and admitted to using methamphetamine the night before. Police officers discovered methamphetamine, drug paraphernalia, and a loaded firearm in his vehicle. He did not recall striking Ardron and thought a baseball had hit his windshield.

On March 8, 2022, Kiss pleaded nolo contendere to driving under the influence of alcohol and causing injury (count 1); possession of a controlled substance with a firearm (count 4); and misdemeanor driving with a suspended license due to a prior driving under the influence conviction (count 7). (Veh. Code, §§ 23153, subd. (a), 14601.2, subd. (a); Health & Saf. Code, § 11370.1, subd. (a).) Kiss also admitted that he personally inflicted great bodily injury and that he had driving under the influence convictions in 2014 and 2017. In addition, he admitted to two factors in aggravation of sentencing. (Cal. Rules of Court, rule 4.421(a)(1), (2).) Pursuant to the plea agreement, the trial court sentenced Kiss to eight years' imprisonment. On the prosecutor's motion, the court dismissed the four remaining counts.

1

*Probation Officer's Restitution Memorandum*

On October 19, 2022, the probation officer filed a restitution memorandum recommending that Kiss be ordered to pay $85,840 to Ardron for her and her daughter's past medical and counseling expenses and Ardron's lost wages. The probation officer recommended that future medical expenses and earning losses be determined at a later hearing.

The probation officer's memorandum included Ardron's declaration which described her and her daughter's injuries. Ardron suffered broken bones, a collapsed lung, a traumatic brain injury, contusions, and abrasions. She was hospitalized for six days and treated by numerous doctors, including specialists. Ardron's past medical care expenses amounted to $30,000.

Ardron's daughter suffered a fractured right arm and severe emotional trauma. She received treatment from the hospital emergency room, her primary care physician, and two orthopedic surgeons. Her treatment also included radiography and physical therapy. Ardron's daughter will likely have a permanent deformity to her arm and an ulnar nerve injury. Ardron declared that her daughter's past medical care expenses amounted to $18,000.

On December 9, 2022, through counsel, Ardron filed a restitution statement concerning future medical expenses. Counsel stated that Ardron and her children had moved to Oregon and would not attend the restitution hearing.

*Restitution Hearing*

On September 21, 2023, the trial court held a contested restitution hearing. Kiss objected that Ardron did not submit specific documents detailing the medical expenses. The court concluded that future medical expenses were speculative, but

Ardron's declaration for past expenses was sufficient to establish $85,840 as restitution. The court ordered Kiss to pay $48,000 for medical expenses ($30,000 to Ardron and $18,000 to Ardron's daughter); $4,500 for counseling fees; and $33,340 for Ardron's lost wages.

Kiss appeals and contends that the trial court abused its discretion by ordering the $18,000 restitution to Ardron's daughter based upon Ardron's declaration alone.

*DISCUSSION*

Kiss asserts that Ardron did not provide sufficient documentation of her daughter's $18,000 medical expenses. Ardron also did not appear and testify at the restitution hearing. Kiss points out that the daughter's orthopedic surgeon declared that the medical expenses incurred prior to her move to Oregon were $10,534.32, not $18,000.

The California Constitution requires that restitution must be imposed in every case in which a crime victim suffers a loss. (Cal. Const., art. I, § 28, subd. (b)(13)(A)-(C); *People v. Giordano* (2007) 42 Cal.4th 644, 655.) Penal Code section 1202.4, subdivision (f)(3) provides that "[t]o the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim . . . for every determined economic loss incurred as the result of the defendant's criminal conduct." "Fully reimburse" means to reimburse the victim for all out-of-pocket expenses paid by the victim or others on the victim's behalf, including the victim's insurance company. (*People v. Millard* (2009) 175 Cal.App.4th 7, 27.)

At a victim restitution hearing, a prima facie case for restitution can be made based on a victim's testimony or other claim or statement of the amount of his economic loss. (*People v.*

3

*Millard, supra,* 175 Cal.App.4th 7, 26.) Once a prima facie showing of loss has been made, the burden shifts to defendant to demonstrate that the amount of the loss is other than that claimed by the victim. (*Ibid.*) We review restitution orders for an abuse of discretion. (*People v. Hume* (2011) 196 Cal.App.4th 990, 995; *Millard,* at p. 26.)

Ardron's declaration, executed under penalty of perjury, was sufficient to establish loss and Kiss did not meet his burden to refute it. A victim's statement of economic loss is prima facie evidence of loss; the victim need not supply a detailed documentation of costs and expenses. (*People v. Grandpierre* (2021) 66 Cal.App.5th 111, 115.) In their respective declarations, Ardron and her daughter's orthopedic surgeon each explained the daughter's injuries. The surgeon's statement of medical services did not include those services and treatments provided the daughter following the family's move to Oregon. Ardron's statement of $18,000 costs is reasonable and based upon her financial involvement in her child's treatment and recovery from the injuries inflicted by Kiss. The medical expenses included consultation with a primary care physican, two orthopedic surgeons, emergency room physicians, and nursing staff. Services to the daughter also included radiography and physical therapy.

Penal Code section 1202.4 does not require any particular proof to establish a victim's losses. (*People v. Gomez* (2023) 97 Cal.App.5th 111, 120.)

4

*DISPOSITION*

The restitution order is affirmed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:



YEGAN, J.



BALTODANO, J.

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Seth P. McCutcheon and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.